## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**CLEDARREYELL L. MCCONNELL**                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:23-cv-463-CWR-LGI**

**VIRNA ROBINSON,**
**TAKEO CLARK, and**
**JANE/JOHN DOES**                                                           **DEFENDANTS**

### REPORT AND RECOMMENDATION

This case is before the Court sua sponte for consideration of dismissal. Having considered the record and the applicable law, the undersigned recommends that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute and obey Orders of the Court.

### I.  BACKGROUND

Pro se Plaintiff CleDarreyell L. McConnell ("Plaintiff"), an inmate of the Mississippi Department of Corrections ("MDOC"), brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this civil action in the United States District Court for the Northern District of Mississippi. On October 13, 2022, the Northern District of Mississippi granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. *See* Order [7]. On July 19, 2023, the Northern District transferred Plaintiff's case to this Court. *See* Order [9].

On the same day this case was transferred to this Court, the Clerk of Court sent Plaintiff a Notice of Assignment [11] informing Plaintiff of his new case number and judge assignments. The Notice [11] also warned Plaintiff that a failure to comply

with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.

Thereafter, the Court entered an Order [12] requiring Plaintiff to provide additional information regarding his claims. On November 16, 2023, Plaintiff filed his Response [13] and also changed his address from the Central Mississippi Correctional Facility to the Bolivar County Jail. On January 17, 2024, the Court entered an Order [14] directing the issuance of a *Notice of Lawsuit and Request to Waive Service of a Summons* for Defendants Robertson and Clark. On February 7, 2024, counsel filed a sealed Response [17] identifying Defendant Unknown Robertson as former employee Virna Robinson and Defendant Unknown Clark as former employee Takeo Clark. The next day, the Court entered an Order [19] directing the issuance of a *Notice of Lawsuit and Request to Waive Service of a Summons* for Defendants Robinson and Clark at the addresses provided in the sealed Response. On March 29, 2024, Defendant Clark waived service [21].

When Defendant Robinson failed to waive service, the Court entered an Order directing service of summons on Robinson by the U.S. Marshal at the last known address for Robinson provided by her former employer, MDOC. *See* Order [22]. The U.S. Marshal filed the summons return [24] as unexecuted.

On May 10, 2024, the Court entered an Order [25] detailing the unsuccessful service of defendant Robinson and allowing Plaintiff an opportunity to provide an alternate address for Robinson. The Order also directed Plaintiff to clarify if Jane Doe and John Doe are separate Defendants or if Jane Doe is identified as Virna

Robinson and John Doe is identified as Takeo Clark.  The Order directed Plaintiff to file his response no later than May 31, 2024, and warned Plaintiff that his failure to timely comply may result in the dismissal of this case.  Order [25] at 2.

When Plaintiff failed to comply, the Court entered an Order to Show Cause [26].  The Show Cause Order required Plaintiff to file his response on or before June 27, 2024, and warned Plaintiff that his "failure to timely comply with this Order will result in the dismissal of this case without further notice to the Plaintiff."  Order to Show Cause [26] at 1.  To date, Plaintiff has not responded or otherwise contacted the Court about this case.

## II.  DISCUSSION

The Court may dismiss an action for a plaintiff's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").  The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

Plaintiff last took action in this case when he filed a Response [13] on November 16, 2023. Plaintiff did not comply with two Court Orders [25],[26]. The Court warned Plaintiff on eight occasions that his failure to comply with a court order or his failure to supply a current address could result in the dismissal of this case. *See* Orders [26], [25], [22], [19], [16], [14], [12], Not. of Assign. [11].

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply with a court order would result in the dismissal of this case. The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute and obey Orders of the Court.

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections

4

to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 30th day of July, 2024.

s/ *LaKeysha Greer Isaac*

UNITED STATES MAGISTRATE JUDGE